**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| AUBBELLE DEVELOPMENT, LLC | ) ) |
| *Defendant.* | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide"), by and through its attorneys, Christopher J. Pickett and David N. Larson of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §2201, against Defendant, AUBBELLE DEVELOPMENT, LLC ("Aubbelle"), states as follows:

**Introduction**

1.      Nationwide seeks a declaration that it does not owe Aubbelle insurance coverage for a November 1, 2025, fire loss at a vacant building owned by Aubbelle and located at 7550 S Kingston Ave, Chicago ("Property"). The Property was insured on November 1, 2025, by a Nationwide Builder's Risk Policy, policy no. ACPC1013110557001 ("Policy"). The Policy contains a Vacant Building Limitation, a condition subsequent to coverage. The Vacant Building Limitation states that coverage under the Policy ceases for a vacant building after 60 consecutive days from the first date the policy provides coverage unless the insured has both obtained permits for the project and started renovations. Here, the building was vacant on the date of the loss, almost 11 months after the date the Policy became effective, December 11, 2024. Prior to the loss,

Aubbelle never obtained permits for the project and did only minimal work on the site. Aubbelle's failure to comply with the Vacant Building Limitation precludes coverage for Aubbelle's claim.

### The Parties

2. Nationwide is an Ohio corporation with its principal place of business located in Ohio and is therefore a citizen of the State of Ohio.

3. Aubbelle is an Illinois limited liability corporation.

4. Aubbelle has two managers. Andre Howard is a resident of Illinois. The second manager is SBurress Investments, LLC. SBurress Investments, LLC, is a Minnesota limited liability corporation, with one manager, Sean Burress. Burress is a resident of Minnesota. SBurress Investments, LLC, has its principal executive office in Chicago, Illinois.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nationwide and Aubbelle, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois, Eastern Division.

7. This Court has personal jurisdiction over Aubbelle because it is a citizen of Illinois.

8. An actual controversy exists between the parties, and pursuant to 28 U.S.C. § 2201, this Court has the authority to grant the relief requested.

### The Loss

9. On November 1, 2025, a fire damaged several units in the apartment buildings located on the Property.

2

10. On November 1, 2025, the buildings on the Property were vacant.

11. On November 1, 2025, there was no water or electrical service for the buildings on the Property.

12. As of November 1, 2025, Aubbelle had not obtained building permits from the City of Chicago for the rehabilitation of the buildings on the Property.

13. On November 1, 2025, Aubbelle had not started to rehabilitate the buildings on the Property.

**The Nationwide Policy**

14. Nationwide issued Aubbelle a Builders Risk Policy, Policy No. ACPC1013110557001 with a policy period of December 11, 2024, to December 11, 2025. See Ex. A.

15. The Policy was issued to cover the renovation of apartments in buildings located at 7550 S Kingston Ave, Chicago. The existing building limit of coverage is $1.1 million. The policy has a Catastrophe limit of $2.5 million. Coverage is subject to a $5,000 deductible. *Id*.

16. The Schedule of Coverage – Builders' Risk – Rehabilitation and Renovation form states that the Vacant Building Limitation in the policy has not been waived. *Id*.

17. The Builder Builders' Risk Coverage – Rehabilitation and Renovation Form contains the following provisions relevant to the coverage issues identified above:

**PROPERTY COVERED**

"We" cover the following property unless the property is excluded or subject to limitations.

1. **Coverage** -- "We" cover direct physical loss or damage caused by a covered peril to "building materials" and "existing buildings" that are part of "your" "rehabilitation or renovation project".

* * * * *

3

3. **Vacant Building Limitation** -- "We" only cover a vacant "existing building" for 60 consecutive days from the inception date of this policy unless:
   a. building permits have been obtained; and
   b. rehabilitation or renovation work has begun on the "existing building".

   This limitation is waived when Vacant Building Limitation Waived is checked on the "schedule of coverages".

*Id*.

18.     The Policy defines an "existing building" as follows:

3. "Existing building" means a structure or building constructed and standing prior to the inception of this policy and that will undergo renovation or rehabilitation as part of "your" "rehabilitation or renovation project".

   An "existing building" includes only those parts of a standing structure or a standing building that are intended to become a permanent part of the structure or building during and after renovation or rehabilitation.

   An "existing building" includes foundations, attachments, permanent fencing, and other permanent fixtures.

*Id*.

19.     The Policy defines "Rehabilitation or renovation project" as follows:

9.  "Rehabilitation or renovation project" means a project, described on the "schedule of coverages", involving the construction, rehabilitation, or renovation of a structure or building.

*Id*.

**Aubbelle's Claim**

20.     On or about November 1, 2025, Aubbelle made a claim for coverage for damage to the Property caused by a fire that occurred that same day.

21.     Nationwide began its investigation of the claim shortly after the claim was made. The investigation initially involved determining the cause of the fire and the scope of the damage to the Property.

22.     Nationwide subsequently learned that Aubbelle had not obtained permits from the City of Chicago to start work at the Property and had only performed minimal work on the buildings. This was the case despite the fact that Aubbelle first purchased Builders' Risk coverage for the Property from Nationwide beginning in December 2023.

23.     Aubbelle and/or its agent 235 Insurance Agency Ltd. ("235 Insurance") never advised Nationwide that rehabilitation work on the Property had not started at any time prior to the November 1, 2025, fire.

24.     Aubbelle and/or its agent 235 Insurance never informed Nationwide that Aubbelle had not obtained permits from the City of Chicago for the anticipated renovation of the buildings at the Property prior to the November 1, 2025, fire.

25.     Aubbelle and/or its agent 235 Insurance never requested a waiver of the Vacant Building Limitation in the Policy.

26.     Nationwide was not informed of these issues by either Aubbelle directly or Aubbelle's agent 235 Insurance despite Aubbelle requesting that Nationwide renew Builders' Risk coverage for a second and eventually a third policy period.

5

### Count I

**The Vacant Building Limitation to the Policy Applies to Preclude Coverage**

27. Nationwide incorporates and re-alleges paragraphs 1-26 as if set forth fully herein.

28. The buildings on the Property were vacant on November 1, 2025.

29. No water or electrical service was available to the buildings on the Property on November 1, 2025.

30. No one resided in the buildings at the Property on November 1, 2025 nor did Aubbelle have any materials stored on the Property.

31. As of November 1, 2025, Aubbelle had not obtained building permits from the City of Chicago for the renovation of the buildings located on the Property.

32. As of November 1, 2025, Aubbelle had not started construction related to the renovation of the buildings located on the Property.

33. The November 1, 2025, fire at the Property occurred almost 11 months after the policy period for the Policy started (December 11, 2024) and well after the 60-day period for the insured to (1) obtain building permits and (2) begin work on the buildings located at the Property as required by the Vacant Building Limitation had expired.

34. Aubbelle failed to comply with the Vacant Building Limitation, a condition subsequent to coverage, and as a result, the Policy ceased to provide coverage for the Property prior to the November 1, 2025, fire loss.

WHEREFORE, the Plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY, prays that this Court enter an Order finding and declaring that it does not owe any payment for the November 1, 2025, fire loss to Defendant AUBBELLE DEVELOPMENT, LLC under the Policy, and granting such other further relief as this Court deems just and proper.

Respectfully submitted,

**LINDSAY, PICKETT & POSTEL, LLC**

By: /s/ David N. Larson
David N. Larson, One of the Attorneys for
Nationwide Mutual Insurance Company

Christopher J. Pickett (ARDC 06287096)
David N. Larson (ARDC 6225416)
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
cpickettt@lpplawfirm.com
312-596-7779
dlarson@lpplawfirm.com
312-800-6009

7